IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| SENECA T. CALDWELL | ) | |
| | ) | |
| v. | ) | NO. 1:14-0019 |
| | ) | |
| ENOCH GEORGE, et al. | ) | |

TO: Honorable William J. Haynes, Senior District Judge

# **R E P O R T  A N D  R E C O M E N D A T I O N**

By Order entered April 13, 2015 (Docket Entry No. 46), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure, to hear and determine any pretrial issues and motions, to conduct any necessary conferences and hearings, and to submit a report and recommendation for disposition of any motion filed under Rules 12, 15, 56, and 65 of the Federal Rules of Civil Procedure.

Presently pending is a motion for summary judgment (Docket Entry No. 58) filed by Defendants Enoch George and the Maury County Sheriff's Department. Plaintiff has responded in opposition to the motion. *See* Docket Entry No. 69. For the reasons set out below, the Court recommends that the motion be granted.

# I. BACKGROUND

Plaintiff is a former inmate of the Tennessee Department of Correction ("TDOC") who is no longer incarcerated.[1] On January 22, 2014, he filed this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 seeking damages and injunctive relief based upon events that occurred during his incarceration at the Maury County Jail ("Jail") in Columbia, Tennessee. Plaintiff, who was confined at the Jail from September 17, 2013, to February 20, 2014,[2] alleges that there is black mold and mildew at the Jail in the shower areas, skylights, and faucets, that showers and toilets often do not work, and that there is standing water outside the showers. *See* Complaint (Docket Entry No. 1) at 5. Plaintiff also alleges that the food portions served to inmates at the Jail are not sufficient, that the food is cold, and that inmates must wait 14 hours from dinner to breakfast without eating and are unable to buy snacks or save food. *Id*. He alleges that he weighed 226 pounds when he entered the Jail but that he lost approximately 46 pounds and weighed 180 pounds at the time he filed his lawsuit. *Id*. Attached to Plaintiff's Complaint is a copy of a grievance he filed at the Jail on January 8, 2014, about his weight loss. *Id*. at 7-8.

By Order entered January 28, 2014 (Docket Entry No. 3), the Court found that Plaintiff had alleged colorable constitutional claims and ordered that process issue to Maury County Sheriff Enoch George ("George"), who is named in both his individual and official capacities, and the Maury County Sheriff's Department ("Sheriff's Department"). The action was subsequently stayed pending resolution of other prisoner civil rights cases brought within this District based on events occurring

---

[1] Plaintiff filed a change of address notice on August 21, 2015, providing a free world address. *See* Docket Entry No. 70. *See also* Docket Entry No. 64 (Plaintiff's motion in which he states he will be released on July 30, 2015).

[2] *See* Defendants' Statement of Undisputed Facts (Docket Entry No. 59) at ¶ 1.

at the Jail. *See* Order entered February 14, 2014 (Docket Entry No. 13). By Order entered December 8, 2014 (Docket Entry No. 34), the Court re-opened the action and provided the parties a six month period to conduct discovery and a forty-five (45) day period thereafter to file dispositive motions. Defendants filed an answer and demand a trial by jury. *See* Docket Entry No. 36.

In their motion for summary judgment, Defendants raise several arguments for dismissal of the action: 1) the Sheriff's Department is not an entity capable of being sued under Section 1983; 2) Plaintiff has not alleged an unconstitutional policy, practice, or custom at the Jail that would support an official capacity claim against Defendant George; 3) there is no evidence that Defendant George had personal involvement in the events at issue; and 4) there is no evidence supporting a claim that Plaintiff suffered violations of his constitutional rights at the Jail. Defendant George, in both his official and individual capacity, also argues that he is entitled to qualified immunity. *See* Memorandum in Support (Docket Entry No. 60). Defendants support their motion with excerpts from Plaintiff's deposition and attachments thereto (Docket Entry No. 60-1). Plaintiff has responded to the motion by filing a response to Defendants' Statement of Undisputed Material Facts. *See* Docket Entry No. 69.

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable

jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Unlike ruling on a motion to dismiss, in considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 325). "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and

are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

### III. CONCLUSIONS

As an initial matter, two issues are easily resolved. First, the Court notes that Plaintiff has not been held at the Jail since February 20, 2014, and is no longer in custody. Accordingly, his request for injunctive relief in the form of a transfer from the Jail to another correctional facility has become moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Second, the Sheriff's Department should be dismissed as a defendant because it cannot be sued under Section 1983. A municipal agency, such as a sheriff's department, is not an entity that can be sued under Section 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983). *See also De La Garza v. Kandiyohi County Jail*, 18 Fed.Appx. 436, 437 (8th Cir. 2001); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *Mathes v. Metropolitan Gov't of Nashville & Davidson Cnty.*, 2010 WL 3341889, *1 (M.D. Tenn. Aug. 25, 2010) (Trauger, J.) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit."); *Buchannan v. Williams*, 434 F.Supp.2d 521, 529 (M.D. Tenn. 2006).

Turning now to the merits of Plaintiff's constitutional claims, the Court finds that there is insufficient evidence before the Court upon which a reasonable jury could find in favor of Plaintiff

on his claims. Although the allegations in the Complaint were sufficient to permit the case to survive frivolity review under 28 U.S.C.§§ 1915 and 1915A, Plaintiff has not rebutted the motion for summary judgment by setting forth admissible evidence showing that genuine issues of material fact exist that require the action to proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989); *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). Although Plaintiff filed a response to the Defendants' Statement of Undisputed Facts, *see* Docket Entry No. 69, he has not supported his response with an affidavit or any other type of sworn evidence. He also does not support his response with specific references to his deposition testimony. Thus, the factual statements made in his response cannot be viewed as evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n.17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 969 (6th Cir. 1991). It is the Plaintiff's burden to point to specific admissible evidence that supports his claims. *Lujan*, 497 U.S. at 888; *Banks*, 330 F.3d at 892. He has not done so in this action.

Plaintiff's first Section 1983 claim is based on allegations that there was mold and mildew in the Jail and that the toilets and showers malfunctioned and did not work properly all of the time. These allegations, even if true, do not support a constitutional claim. A Section 1983 claim premised upon allegations that living conditions violate the Eighth Amendment's prohibition against cruel and unusual punishment must be supported by a showing that the inmate was subjected to severe conditions of confinement which deprived him of "the minimal civilized measure of life's

necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).[3] This requires Plaintiff to satisfy an objective threshold by setting forth evidence which establishes that a sufficiently serious deprivation has occurred. *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). To satisfy the objective prong, "extreme deprivations are required," *Hudson*, 503 U.S. at 9, and only grave deprivations of the civilized measure of life's necessities violate the Cruel and Unusual Punishment Clause. *Rhodes*, *supra*; *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004).

This standard is a high threshold and is simply not satisfied in the instant action. Even when the evidence before the Court is viewed in the light most favorable to Plaintiff, his claim regarding conditions of confinement at the Jail warrants summary judgment in favor of Defendants because there is no evidence showing that he was subjected to the type of severe conditions required to support an Eighth Amendment claim. Less than clean living areas and frequently malfunctioning showers and toilets are the type of unpleasant living conditions that often accompany incarceration. However, the Eighth Amendment is not violated by prison conditions which are harsh, *Rhodes*, *supra* at 347, and "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment," *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). There is also no evidence before the Court that any of the living conditions complained about by Plaintiff caused an actual and substantial risk of serious

---

[3] It appears that Plaintiff was held at the Jail as a convicted prisoner and not a pre-trial detainee. However, even if he was a pre-trial detainee while at the Jail, his claims would nonetheless be analyzed using Eighth Amendment standards. *See Bell v. Wolfish*, 441 U.S. 520, 535 & n.16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Thompson v. County of Medina*, 29 F.3d 238, 242 (6th Cir. 1994); *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994).

damage to his health. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Helling v. McKinney*, 509 U.S. 25, 36, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

Plaintiff's second Section 1983 claim is that the food served at the Jail was cold and nutritionally inadequate and caused him to suffer an unhealthy weight loss. Without question, the Constitution requires that prisoners be fed by their custodians in a manner that comports with "the minimal civilized measure of life's necessities," *Rhodes*, *supra*, and in a manner that is nutritionally sufficient to sustain normal human health. *Cunningham v. Jones*, 567 F.2d 653 (6th Cir. 1977). However, these constitutional requirements do not mandate the type or amount of food or the manner of food service that is often sought by prisoners. Complaints about the preparation or quality of prison food are "far removed from Eighth Amendment concerns." *Cunningham*, 567 F.2d at 659–60. Accordingly, Plaintiff's complaints about cold food and the length of time between meals do not support a constitutional claim.

Plaintiff's undisputed weight loss of approximately 50 pounds while at the Jail, however, cannot be summarily disregarded or deemed *de minimis* by the Court. Nonetheless, Plaintiff's testimony that he lost weight, even if not disputed, amounts to only a scintilla of evidence in his favor and is not sufficient, by itself, to support his constitutional claim. He has not buttressed his claim with any other type of evidence supporting a conclusion that he was deprived of food in a manner violating the Eighth Amendment. *Cf. Cunningham*, *supra* (defendants' testimony showed that plaintiff was given only one meal per day for several days as punishment when other inmates were given three meals per day); *Frazier v. George*, 2014 WL 4897446, at *8 (M.D. Tenn. Sept. 30, 2014) (Haynes, J.) (expert testimony that jail inmate experienced a "clinically significant" weight loss at least created a disputed issue of material fact as to whether his weight loss was an objectively

8

serious health risk); *Ward v. Gooch*, 2010 WL 4608292, *6 (E.D. Ky. Nov. 5, 2010) (evidence that inmate lost 68 pounds over 10 month period and received only 200-700 calories a day for almost a year was sufficient to raise genuine issues of material fact); *United States v. Williams*, 2009 WL 4824940, at *5 (M.D. Tenn. Oct. 26, 2009) (Campbell, J.) (evidence of substantial weight loss by several inmates at county jail and conflicting evidence of caloric content of meals served to inmates supported a criminal defendant's request for relief). In the end, Plaintiff has not presented sufficient evidence that he suffered the type of substantial deprivation of food and of adequate nutrition that is required for the objective component of his Eighth Amendment claim.[4]

Additionally, a certain level of culpable intent is required for the subjective component of an Eighth Amendment claim. *See Farmer*, 511 U.S. at 834; *Comstock v. McCrary*, 273 F.3d 693, 702-03 (6th Cir. 2001). However, the evidence before the Court, even when viewed in the light most favorable to Plaintiff, does not support a showing that staff at the Jail acted with deliberate indifference to the issue of nutritional intake by inmates and inmate weight loss. The exhibits to Plaintiff's deposition show that Jail staff responded to his grievances about the issue, *see* Docket Entry No. 60-1 at 22-25 and 40-41, that Plaintiff was given an alternative diet that he requested, *id*. at 40-41, and that Jail staff had a monitoring program for inmate weight loss that involved weighing inmates, checking their weight against Center for Disease Control standards, and noting inmates whose weight fell below the standards so they could be monitored and provided nutritional supplements if necessary. *Id*. at 26-39.

---

[4] The Court also notes that Plaintiff, although alleging that he was not provided with a sufficient amount of food, testified in his deposition that he sometimes threw away or gave away the servings of cake or bread that were in his meals because he did not like that food. *See* Docket Entry No. 60-1 at 12, Deposition page 69.

9

Further, to the extent that damages are sought against Defendant George in his individual capacity, liability cannot be based merely upon the fact that he is the Maury County Sheriff. A defendant cannot be held individually liable under Section 1983 absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct. *Miller v. Calhoun County*, 408 F.3d 803, 817, n.3 (6th Cir. 2005); *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). Plaintiff has not set forth any evidence that satisfies this requirement. Thus, there is no basis for a claim of individual liability against Defendant. *See Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Based on the evidence before the Court, no reasonable jury could find in favor of Plaintiff on his claims that his Eighth Amendment rights were violated at the Jail, and Defendants are entitled to summary judgment in their favor. The Court's determination that there is no evidence that a constitutional violation occurred at the Jail is sufficient to warrant summary judgment in favor of Defendants without analysis of the qualified immunity defense, *see Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Jones v. Byrnes*, 585 F.3d 971, 975 (6th Cir. 2009), and is also sufficient to support dismissal of any possible damage claim against Maury County via claims against Defendant George in his official capacity. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986). Accordingly, it is unnecessary for the Court to address Defendants' alternative arguments for dismissal of this action.

# R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 58) of Defendants Enoch George and the Maury County Sheriff's Department be GRANTED and that this action be DISMISSED in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge